13-1598-cv
Ronis v. Carmine's Broadway Feast, Inc..

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of December, two thousand thirteen.

Present:        ROSEMARY S. POOLER,
                BARRINGTON D. PARKER,
                RICHARD C. WESLEY,
                        *Circuit Judges.*

_____

ELLEN LIBMAN RONIS, EXECUTRIX OF THE ESTATE OF
MICHAEL RONIS,

                        *Plaintiff-Counter-Defendant–Cross-Defendant–*
                        *Counter-Claimant–Appellant,*


        -v-                                                13-1598-cv

CARMINE'S BROADWAY FEAST, INC., LITTLE FISH CORP.,
TIMES SQUARE BARBEQUE, INC., CARMINE'S ATLANTIC
CITY, LLC,

                        *Defendants-Counter-Claimants–Cross-Defendants–*
                        *Cross-Claimants–Appellees,*

GARY CROLAND,

                        *Counter-Defendant–Counter-Claimant.*

_____


Appearing for Appellant:        I. Michael Bayda, McElroy, Deutsch, Mulvaney & Carpenter, LLP
                                (Joseph N. Salomon, Schwartz & Salomon, P.C., *on the brief*),
                                New York, NY.

Appearing for Appellees:     Christian V. Cangiano, Deutsch, Metz & Deutsch, LLP (Herbert I. Deutsch, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and this case is **REMANDED**.

Ellen Libman Ronis, as Executrix of the Estate of Michael Ronis (the "Estate"), appeals from the April 12, 2013 judgment of the United States District Court for the Southern District of New York (Griesa, *J.*). In particular, the Estate appeals the district court's dismissal of its breach of contract claims against Little Fish Corp. ("Little Fish"), Carmine's Broadway Feast, Inc., and Times Square Barbeque, Inc. (collectively, the "Corporate Defendants") and Carmine's Atlantic City, LLC ("Atlantic City"). Finally, the Estate appeals the district court's decision with respect to three counterclaims regarding loans owed by the Estate to Little Fish, made pursuant to Micahel Ronis's interest in three restaurants, namely Times Square Bagel (the "Times Square Loan"), 685 Amsterdam Avenue Food Corp. (the "Amsterdam Loan"), and Gabriela's Tru Mex (the "Gabriela's Loan"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

I. The Estate's Contract Claims

The Estate claims that the amount it is owed pursuant to redemption clauses in shareholder agreements that governed the calculation of this amount with respect to the Corporate Defendants, and the redemption clause in the Operating Agreement with respect to Atlantic City, was incorrectly calculated. Specifically, the Estate argues that various accounting practices incorrectly devalued the worth of the Corporate Defendants and Atlantic City. In essence, the Estate is arguing that under its reading of the contract the accountant retained by the Corporate Defendants and Atlantic City artificially devalued these companies, leading the Corporate Defendants and Atlantic City to offer a lower redemption price than is warranted. The district court rejected the Estate's interpretation of the agreement, finding the contract ambiguous.

We review the district court's threshold determination that a contract is ambiguous *de novo*. *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 397 (2d Cir. 2009). "Contract terms are considered ambiguous if they are capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Lee v. BSB Greenwich Mortg. Ltd. P'ship*, 267 F.3d 172, 179 (2d Cir. 2001) (internal quotation marks omitted). The meaning of ambiguous contract language "is a question of fact for the fact-finder." *JA Apparel Corp.,* 568 F.3d at 397. As such, our review is limited to determining whether the district court's conclusions in this case were clearly erroneous.  *See Bessemer Trust Co., N.A. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010) ("In reviewing a district court's decision in a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*."(internal quotation marks omitted)).

2

Based on our *de novo* of the contracts at issue, we find that the contract terms were ambiguous, *see JA Apparel Corp.*, 568 F.3d at 396-97, and therefore we will not disturb the district court's threshold finding with respect to ambiguity. The Estate, however, urges, as it did below, that its preferred method of accounting and valuing the Estate's interest in the Corporate Defendants and Atlantic City should have been adopted by the accountant pursuant to these agreements. With respect to these arguments, the district court found that ambiguous language in these agreements did not mandate the various approaches the Estate urged the accountant should have taken. We do not find this determination clearly erroneous, and therefore affirm the district court's dismissal of the Estate's contract claims. *Bessemer Trust Co.*, 618 F.3d at 85.

Accordingly, the judgment of the district court hereby is AFFIRMED with respect to the dismissal of the Estate's contract claims.

II. The Counterclaims of Little Fish

Little Fish brought three counterclaims against the Estate with respect to certain loans allegedly made by Alice Cutler to Michael Ronis, and Cutler subsequently assigned to Little Fish. The Estate makes two arguments with respect to these Loans on appeal. First, the Estate argues that such loans did not exist, and therefore could not be assigned. Second, with respect to the Amsterdam Loan and the Gabriela's Loan, the Estate argues that the counterclaims were time-barred.

A. The Existence of the Loans

With respect to the Estate's first argument on appeal, we are being asked to review whether in fact such loans actually existed, and our review of the district court's finding that they did is for clear error. *See Bessemer Trust Co.,* 618 F.3d at 85; *U.S. Titan, Inc., v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 145 (2d Cir. 2001) ("The determination of whether there was a meeting of the minds sufficient to constitute a contract is one of fact."). We can find no clear error in the district court's finding that these loans were actually made to Michael Ronis, and are now owed to Little Fish.

B. The Statute of Limitations Bars Counterclaims Made on the Amsterdam and Gabriela's Loans

With respect to the Estate's second argument on appeal, the parties are largely in agreement. The parties agree that: (1) no payments were made on Amsterdam Loan after July 2003, and no payments were made on the Gabriela's Loan after July 2002; (2) that this action was commenced on April 21, 2010; and (3) that this action is governed by New York Civil Procedure Law and Rules § 213(2), which provides for a six-year statute of limitations on these counterclaims. The parties further agree that these claims are thus time-barred, unless these obligations were revived by New York General Obligations Law § 17-101. This provision states that "the only competent evidence of a new or continuing contract" is "a writing signed by a party charged thereby," and that absent this evidence a party cannot "take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules." "A district court's legal conclusions, including its interpretation and application

3

of a statute of limitations, are . . . reviewed *de novo*." *City of Pontiac Gen. Emps. Ret. Sys. v. MBIS, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011).

The district court in this case did not discuss the applicability of the statute of limitations. However, our review of the record indicates that there was no evidence in the record of a writing signed by Michael Ronis which would sufficiently restart the Estate's obligations under the loans, and Little Fish points us to none on appeal. As such, we find Little Fish's counterclaims with respect to the Amsterdam Loan and the Gabriela's Loan are barred by New York Civil Procedure Law and Rules § 213(2) and New York General Obligations Law § 17-101.

Accordingly, with respect to the counterclaims, the judgment of the district court hereby is AFFIRMED in part, and VACATED in part. Because the counterclaims formed part of certain set-offs regarding amounts owed by Little Fish to the Estate, we REMAND this case to the district court for proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk